IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEREMY CANTRELL CONN, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3207 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CASS COUNTY, NEBRASKA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on filing no. 20, the respondent's Motion to Dismiss. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), as supplemented (filing no. 16), the petitioner, Jeremy Cantrell Conn, challenges his convictions in the District Court of Cass County, Nebraska, for driving under a suspended driver's permit and for obstructing a police officer.  After a trial to the court, the petitioner received a sentence on June 26, 2003, of 30 days in custody on the first charge, and 215 days in custody, together with a $100 fine, on the second charge.  He did not file an appeal, and the sentences have been served.

As the respondent points out in moving to dismiss the § 2254 petition, a prisoner may not bring a habeas proceeding or a motion to vacate sentence as a collateral attack on a conviction with an expired state sentence, even if that conviction was used to enhance the petitioner's present sentence.  In Maleng v. Cook, 490 U.S. 488, 490-92 (1989), the United States Supreme Court held that the lower federal courts lack jurisdiction to consider a § 2254 petition challenging a conviction if the sentence for that conviction has been entirely served when the § 2254 petition was filed.  See also Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001); Daniels v. United States, 532 U.S. 374 (2001).

Because of the need for finality of convictions and ease of judicial administration,

"once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid ...." Lackawanna County, 532 U.S. at 402, 403-04. "Conclusively valid" means that the prior conviction may not be challenged in a § 2254 proceeding, and that even "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 404. Thus, with one exception[1] which does not apply to the petitioner, a completely expired sentence is immune from collateral attack.

THEREFORE, IT IS ORDERED:

1.   That filing no. 20, the respondent's Motion to Dismiss, is granted;

2.   That the Petition for Writ of Habeas Corpus filed by Jeremy Cantrell Conn, is dismissed with prejudice; and

3.   That a separate judgment will be entered accordingly.

DATED this 19th day of April, 2005.

BY THE COURT:

s/ RICHARD G. KOPF
United States District Judge

---

[1]The exception to the "conclusively valid" status of such a prior conviction exists when "there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 ... (1963)." Lackawanna County District Attorney v. Coss, 532 U.S. 394, 404 (2001). That exception does not apply to the petitioner, who was represented by counsel when convicted.